IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GLACIER FILMS (USA), INC., <br><br> Plaintiff, <br><br> vs. <br><br> DOES 1-29, <br><br> Defendants. | | CASE No. 15-CV-4016 <br><br> MOTION TO QUASH AND DISMISS <br><br> Judge Darrah |

**MOTION TO PROCEED ANONYMOUSLY; TO QUASH OR MODIFY SUBPOENA AGAINST COMCAST CABLE COMMUNICATIONS; AND TO DISMISS FOR IMPROPER JOINDER AGAINST JOHN DOE #7, ISP NO. 50.158.126.27**

Defendant, John Doe # 7, ("Doe #7") through its attorney, Joseph P. Selbka, moves for an order to quash the subpoena served upon Comcast Cable Communications ("Comcast"/"Subpoena"), on the following grounds:

1. The Subpoena requires Comcast to comply beyond its geographical limits as required under Federal Rules of Civil Procedure ("Rule") 45 (c) (3) (A) (ii).

2. Plaintiff improperly joined multiple defendants in one lawsuit, and therefore Doe #7 requests that the case against it be severed and dismissed for improper joinder.

3. Until Plaintiff actually shows Doe #7 actually infringed on the copyrighted material, a protective order allowing Doe #7 to proceed anonymously is proper.

**Facts**

On June 29, 2015, Doe #7 received a letter from Comcast stating that the Plaintiff subpoenaed material concerning an alleged infringment of Plaintiff's copyrights. Plaintiff alleged that Doe #7 illegally uploaded or downloaded content without

1

permission. Plaintiff alleges that such infringement occurred by use of a device assigned to a specific IP address using a "Bit Torrent Protocol." Consequently, by order of court, Comcast will be required to supply Doe #7's name, address and other information to the Defendant if Doe #7 fails to object to the Subpoena. The following motion constitutes and objection to the Subpoena and a request that the Complaint be dismissed for improper joinder.

The Subpoena requests the Custodian of Records of Comcast located at 600 S. Second Street, Suite 103, Springfield, Illinois 62704 to tender such information to Hughes Socal Piers Resnick & Dym, Ltd located at 70 W. Madison Street, Suite 4000, Chicago, Illinois, which is 208 miles away from the Custodian Records of Comcast's location. As the distance is beyond the permissible scope of the subpoena, the subpoena must be quashed.

Plaintiff also joined twenty-nine separate defendants to the lawsuit claiming copyright infringement.

**Objections**

### A. The Subpoena Requires Comcast To Comply Beyond The Required Geographical Limits.

Pursuant to Rule 45 (c) (3) (A)(ii), the court for the district where compliance is required must quash a subpoena when it requires an individual to comply beyond its geographical limits as specified in Rule 45 (c). Such limits require compliance within 100 miles of where the person resides, is employed, or regularly transacts business in person. Here, the Custodian of Records of Comcast resides 208 miles from the location where said documents should be tendered. Therefore, the court for the district where

compliance is required must quash said Subpoena because compliance exceeds the statutory geographical limits of 100 miles.

### B. Plaintiff Has Improperly Joined Defendants in one Lawsuit.

Doe #7 has been joined with twenty nine other defendants for allegedly violating a copyright by using a Bit Torrent Protocol. Plaintiff alleges that the twenty nine separate defendants used the same Bit Torrent Protocol. Rule 20(a)(2) of the Federal Rules of Civil Procedure forbids joinder of multiple defendants when the Plaintiff's claims do not concern the same transaction or occurrence. Fed. R. Civ. Pro. 20(a)(2). Using the same Bit Torrent Protocol does not arise to the same transaction or occurrence for purposes of joinder in a civil federal cause of action. *AF Holdings LLC v. Does 1-1058,* 752 F.3d 990, 998-999 (D.C. Cir. 2014). As the Court in *AF Holdings LLC* discussed in great detail, a majority of federal courts have held that using the same Bit Torrent Protocol is not enough to join defendants together in a single federal complaint. *Id.* Simply alleging that the same people committed the same type of copyright violation in the same way does not link defendants together for purposes of joinder. *Id.* Discovery (including a subpoena) is prohibited when a Plaintiff improperly joins defendants together in one lawsuit. *Id.* Here, Plaintiff has not shown that the Defendants were properly joined, and therefore, Plaintiff has not shown that it could overcome a motion to dismiss for improper joinder. Discovery is prohibited and the subpoena must be quashed. Moreover, the Complaint must be dismissed for improper joinder of Defendants.

### C. As the Subpoena is Illegal and Improper, It would be a Violation of Privacy to Force Plaintiff to Give Up His/Her/Its Name

Not all IP addresses point to an actual infringer. Antonelli, Jeffrey. <u>Torrent Wars: Copyright Trolls, Legitimate IP Rights, and the Need for New Rules and to Amend the</u>

3

Copyright Act. Illinois State Bar Association Newsletter on Intellectual Property Law. Vol. 53, No. 1 (October, 2013). Approximately 30% of ISP addresses identified in these subpoenas do not connect to an infringer. *Id.* Bit Torrent Protocols also allow for users to use false ISP addresses. *Id.* Here, Doe #7 did not infringe, and to force Doe #7 to have his/her/its name in the public record for a false lawsuit based upon an answer from an illegally issued subpoena would be wrong. Therefore, Doe #7 requests to proceed anonymously to quash the subpoena and defend against the case.

**Conclusion**

Wherefore, for the above stated reasons, Doe #7 requests that the subpoena be QUASHED and the complaint be dismissed for improper joinder of defendants.

Dated: 7/23/2015

Respectfully submitted,
John Doe #7, ISP Address
50.158.126.27

*/s/Joseph P. Selbka*
By: Joseph P. Selbka
His/Her/Its Attorney

Joseph P. Selbka
3701 Algonquin Road, #390
Rolling Meadows, IL 60008
847-749-2239
Fax 847-749-2446
Atty No. 6238063

CERTIFICATE OF SERVICE

      I hereby certify that on 7/23/2015, I served a copy of the foregoing document, via the Court's automatic CMF filing system, on:

    Michael A. Hierl
    Todd S. Parkhurst
    Hughs Socal Resnick & Dym, Ltd.
    Attorneys for Plaintiff

And via Facsimile to

    Comcast Cable Company
    Fax 866-946-5587

                                /S Joseph P. Selbka
                                Joseph P. Selbka