UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLACIER FILMS (USA), INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-cv-4016 |
| DOES 1-29, | ) Judge John W. Darrah |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Glacier Films (USA), Inc. ("Glacier") filed a Complaint against Defendants, Does 1 – 29, seeking damages and injunctive relief for copyright infringement of the movie *American Heist*. On June 3, 2015, Plaintiff's Motion for Leave to Take Discovery was granted. Plaintiff was given leave to file subpoenas pursuant to Federal Rule of Civil Procedure 45 to Internet Service Providers who provided internet services to any of the Defendants identified by an Internet Protocol ("IP") address to obtain information sufficient to identify each Defendant by name and current address. Defendant, John Doe #7 ("Doe #7"), has moved to quash the subpoena served by Plaintiff on Comcast Cable Communications, LLC ("Comcast") and to dismiss this action for improper joinder. For the reasons stated below, Doe #7's Motion to Quash [14] is denied.

## BACKGROUND

On May 6, 2015, Plaintiff filed suit against Defendants, alleging that they engaged in the unauthorized acquisition and transfer of the copyrighted motion picture *American Heist* in violation of the Copyright Act, 17 U.S.C. 101, *et seq.* Plaintiff alleges that Defendants illegally copied and distributed the movie through the Internet using a network called "BitTorrent

protocol" or "torrent".  At the time the Complaint was filed, Plaintiff did not know Defendants' actual names.  Each Defendant is known to Plaintiff only by the IP address assigned to that Defendant by his or her Internet Service Provider and the date and time at which the infringing activity of each Defendant was observed.  On June 3, 2015, Plaintiff was given leave to file subpoenas to Internet Service Providers who provided internet services to any of the Defendants identified by an IP address to obtain information sufficient to identify each Defendant by name and current address.   Plaintiff issued a subpoena to Comcast to obtain that information, and Doe #7 moved to quash this subpoena and to dismiss this case for improper joinder.

## LEGAL STANDARD

*Motion to Quash Subpoena*

A party may move to quash or modify the subpoena in the court for the district where compliance is required.  Fed.R.Civ.P. 45(d)(3).  Under Federal Rule of Civil Procedure 45(d)(3)(A), a motion to quash must be granted if a subpoena: (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.  Fed.R.Civ.P. 45(d)(3)(A).  A party moving to quash bears the burden of demonstrating that a subpoena falls within one of these above-listed categories.  *Pacific Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 193 (N.D. Ill. 2012).  The decision to quash a subpoena is within the court's sound discretion. *United States v. Ashman*, 979 F.2d 469, 495 (7th Cir. 1992).

*Motion to Dismiss for Improper Joinder*

>Federal Rule of Civil Procedure 20(a)(2) states:
>
>Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Joinder promotes judicial efficiency and is strongly encouraged. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2012); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). The court has broad discretion in deciding whether to sever a party for improper joinder. *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001). Although the Rules do not define "series of transactions or occurrences," courts have generally adopted a "logical relationship" test. *See reFX Audio Software Inc. v. Does 1-85*, No. 13 C 01790, 2014 WL 1293816, at *3 (N.D. Ill. Mar. 24, 2014).

## ANALYSIS

*Motion to Quash*

Doe #7 argues that the subpoena requires Comcast to comply beyond its geographical limits, as required under Rule 45(c)(3)(A)(ii), because it requests the Custodian of Records of Comcast to tender information to Plaintiff's counsel, who is located 208 miles away.

A defendant cannot claim an undue burden from a subpoena directed at a third party. *See Sunlust Pictures, LLC v. Does 1-75*, 12-cv-1546, 2012 WL 3717768, at *2 (N.D. Ill. Aug. 27, 2012); *Hard Drive Productions, Inc. v. Does 1-48*, No. 11-cv-9062, 2012 WL 2196038, at *3 (N.D. Ill. June 14, 2012); *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 250 (N.D. Ill. 2011); *Media, LLC v. Reynolds*, No. 12-cv-6672, 2013 WL 870618, at *6 (N.D. Ill.

2013). However, a party may gain standing to "object to a subpoena directed at a non-party by asserting a personal right or privilege regarding the documents sought." *Countryman v. Cmty. Link Fed. Credit Union*, No. 11-CV-136, 2012 WL 1143572, at *3 (N.D. Ind. Apr. 3, 2012). "Instances that fall under the 'personal right or privilege' exception and confer standing on a party include the assertion of work product or attorney-client privilege, interference with business relationships, or production of private information about the party that may be in the possession of a third party." *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 187 (N.D. Ill. 2013) (citations omitted).

Doe #7 is a third party to this subpoena and does not have standing to object to this subpoena unless he or she asserts a personal right or privilege regarding the information sought. Doe #7 argues that it would be a violation of privacy to force Comcast to give up his or her name because Bit Torrent protocols allow users to use a false IP address and he or she may not be the infringer. This argument is unpersuasive. Several courts have found that a subpoena cannot be quashed on the basis of general denials of liability. *First Time Videos, LLC v, Does 1-76,* 276 F.R.D. 241, 256 (N.D. Ill. 2011); *Malibu Media, LLC v. John Does 1-6,* 291 F.R.D. 191, 197 (N.D. Ill. 2013). Further, "courts have recognized that because internet subscribers must convey their identity and other information to an ISP in order to establish an account, they do not have a reasonable expectation of privacy in their subscriber information." *Hard Drive Productions v. Does 1-48*, No. 11-cv-9062, 2012 WL 2196038 at *4 (N.D. Ill. June 14, 2012). As Doe #7 does not have standing to challenge this subpoena, the Motion to Quash is denied.

*Motion to Dismiss for Improper Joinder*

Doe #7 argues that Plaintiff's Complaint should be dismissed for improper joinder, arguing that alleging that the same people committed the same type of copyright violation in the same way is not sufficient to link Defendants together for purposes of joinder, citing to *AF Holdings, LLC v. Does 1–1058,* 752 F.3d 990 (D.C. Cir. 2014) to support his or her argument. Courts are divided over the issue of whether defendants may be joined in a single lawsuit based solely on their participation in the same BitTorrent swarm. *See Malibu Media, LLC v. John Does 1–6,* 291 F.R.D. 191, 203 (N.D.Ill.2013) (listing cases); *Malibu Media, LLC v. Reynolds,* No. 12 C 06672, 2013 WL 870618, at *9–10 (N.D.Ill. Mar. 7, 2013) (same). This issue turns on whether a swarm of users downloading the same file qualifies as "the same transaction, occurrence, or series of transactions or occurrences" under Rule 20(a)(2)(A).

BitTorrent has been described as follows:

BitTorrent is a software protocol that facilitates the practice of peer-to-peer file sharing used to distribute large amounts of data over the internet. To share information using BitTorrent, an initial file-provider (the "seeder") elects to share an initial file, called a "seed," with a torrent network. The file to be distributed is divided into segments called "pieces." Other users ("peers") intentionally connect to the seed file to download it. As each peer receives a new piece of the file, the peer also immediately becomes a source of that piece for other peers, relieving the original seeder from having to send that piece to every peer requesting a copy. This is the key difference between BitTorrent and earlier peer-to-peer file sharing systems: "BitTorrent makes file sharing a cooperative endeavor."

*2 After a peer completely downloads the file, it continues to transmit pieces of the file to other users until it disconnects from BitTorrent. As additional peers request and receive pieces of the same file, each user becomes a part of the network from which the file can be downloaded. As more users join the network, the speed and efficiency of downloads increases. The group of seeders and peers uploading and downloading the identical file are called a "swarm." While connected to the swarm, users continuously download pieces of the file until they have obtained a complete file and continuously upload pieces of the file to other users in the swarm. Even after a user exits the swarm, the identical file pieces that

> the user downloaded from other users and then shared with peers continue to circulate throughout the swarm. BitTorrent swarms can survive continuously for months or even years.

*Zambezia Film Pty, Ltd. v. Does 1-65*, No. 13 C 1321, 2013 WL 4600385, at *1-2 (N.D. Ill. Aug. 29, 2013) (citing *Osiris Entm't, LLC v. Does 1–38,* No. 13 C 4901, 2013 WL 4478908, at *1 (N.D.Ill. Aug.20, 2013).

The court in *AF Holdings* found that "individuals who participate in the same swarm at the same time are part of the same series of transactions within the meaning of Rule 20(a)(2)" and that merely accessing the same file through BitTorrent provides an insufficient basis for joinder. *AF Holdings,* 752 F.3d at 998. Plaintiff argues that Defendants in this action relied upon the cooperative nature of BitTorrent to obtain the same file containing a copy of *American Heist*, noting that the plain language of Rule 20 does not demonstrate that it requires parties to interact directly with each party in the suit, nor does it require a temporal overlap to be properly joined. All that is required is that there is a logical relationship between the separate causes of action. *Zambezia Film Pty, Ltd.,* 2013 WL 4600385, at *4. This argument is persuasive. There is clearly a logical relationship between each Defendant's actions, as each Defendant downloaded and uploaded the same copyrighted work in the same swarm. Whether Defendants participated in this swarm at the same time does not change the logical connection between their actions. As "joinder of claims, parties and remedies is strongly encouraged," *United Mine Workers*, 383 U.S. at 724, Defendant's Motion to Dismiss for Improper Joinder is denied.

## CONCLUSION

Defendant Doe #7's Motion to Quash Subpoena and to Dismiss for Improper Joinder [14] is denied.

Date:     December 15, 2015

JOHN W. DARRAH
United States District Court Judge